UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
YITZCHAK ROSENBERG
on behalf of himself and
all other similarly situated consumers

       Plaintiff,

  -against-


FORSTER & GARBUS LLP

      Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Yitzchak Rosenberg seeks redress for the illegal practices of Forster & Garbus LLP concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Dallas, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Yitzchak Rosenberg*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 10, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said March 10, 2013 collection letter was received by the Plaintiff in an envelope which contained a glassine window.

12. Through the window of the envelope, beside the Plaintiff's name and address, was visible the words "Re: DISCOVER."

13. Section 1692f of the FDCPA states:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

14. The word "DISCOVER," which appeared through the glassine window and was able to be viewed by any person handling the mail, constitutes an invasion of privacy; as it reveals to the person who sees it, a core piece of information pertaining to the Plaintiff's status as a debtor.

15. The word "DISCOVER," when disclosed to the public eye, exposes the consumer's financial quandary.

    <u>Douglass v. Convergent Outsourcing</u>, 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014). (Because Convergent's disclosure implicated core privacy concerns, it cannot be deemed benign.)

16. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

17. The said letter is a standardized form letter.

18. Defendant's March 10, 2013 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

19. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through eighteen (18) as if set forth fully in this cause of action.

20. This cause of action is brought on behalf of Plaintiff and the members of a class.

21. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about March 10, 2013; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Discover Bank; and (b) the collection letter was not returned by the postal service as

undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

22. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.
>
> B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.
>
> C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.
>
> D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.
>
> E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

23. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

24. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

26. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

27. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 3, 2015

     /s/ Adam J. Fishbein     
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein   
Adam J. Fishbein (AF-9508)

60 Motor Parkway
Commack, NY 11725-5710
.10000285576594 7DM8.

1 1 00000302
378848



PERSONAL & CONFIDENTIAL

March 10, 2014

Re ▸ DISCOVE

Monda

YITZCHAK ROSENBERG
1196 E 12TH ST
BROOKLYN NY 11230-4812

FIRST CLASS
PRESORT
U.S. POSTAGE
PAID
PCI

**FIRST CLASS MAIL**

**FORSTER & GARBUS LLP**
*A NEW YORK LAW FIRM*

60 Motor Parkway
Commack, NY 11725-5710
·100002855765947DM8·

1 1 00000302
378848

| | |
|---|---|
| RONALD FORSTER - Adm. in NY Only | ANNETTE T. ALTMAN - Adm in NY Only |
| MARK A. GARBUS - Adm. in NY Only | OLIVIA DEBELLIS - Adm in NY Only |
| EDWARD J. DAMSKY - Adm. in NY Only | RONALD J. FERRARO - Adm in NY & NJ |
| JOEL D. LEIDERMAN - Adm. in NY Only | MICHAEL J. FLORIO - Adm in NY Only |
| | AMY GAVLIK - Adm in NY Only |
| | TESS E. GUNTHER - Adm in NY & CT |
| | KEVIN M. KNAB - Adm in NY Only |
| | MICHAEL S. LEINOFF - Adm in NY Only |

**PERSONAL & CONFIDENTIAL**

March 10, 2014

BALANCE DUE as of March 10, 2014 ▸ $7,700.16
Reference Number ▸ 100002855765947
Account Number ▸ XXXXXXXXXXXX5947

Re ▸ DISCOVER BANK

1-631-393-9451
1-800-245-9943 Ext. 451
Representative Name: MR LEINOFF
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST

YITZCHAK ROSENBERG
1196 E 12TH ST
BROOKLYN NY 11230-4812

Dear Yitzchak Rosenberg,

We are in receipt of your answer to the summons and complaint. Kindly contact our office to speak with a customer service representative at 1-877-319-6835 so that we may discuss the possibility of resolution regarding the above referenced matter. Thank you.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

---

Office Location: 60 Motor Parkway
Commack, NY 11725-5710

▲ DETACH HERE ▲

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE

YITZCHAK ROSENBERG
1196 E 12TH ST
BROOKLYN NY 11230-4812

BALANCE DUE as of March 10, 2014 ▸ $7,700.16
Reference Number ▸ 100002855765947

Re ▸ DISCOVER BANK

Rep. Code ▸ A2
Date ▸ March 10, 2014

➡ Please Note Current    BEST TIME TO CALL

Home Phone # _____ _____

Work Phone # _____ _____

Cell Phone # _____ _____

100002855765947

Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

FGM
F&GM.V4
378848
Page 1 of 1