***ROBERT L. ARLEO, ESQ.***
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                          Fax: (518) 751-1801
Email: robertarleo@gmail.com

July 16, 2015

Honorable Sandra L. Townes
District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:  Rosenberg v. Forster & Garbus, LLP
     <u>15-cv-01181 (SLT)(RER)</u>

Dear District Judge Townes:

    I am counsel for Forster & Garbus, LLP, the Defendant named in the above-entitled action. I write to request that Your Honor schedule a pre-motion conference as the Defendant seeks permission to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

    The Complaint alleges that my client violated the Fair Debt Collection Practices Act ("FDCPA") in the attempt to collect a debt owed by the Plaintiff. In paragraph 12 of the Complaint Plaintiff alleges my client sent a collection letter in an envelope containing a glassine window which allegedly exposed the words "Re: DISCOVER" However, a copy of the envelope, which is set forth on page 7 of the Complaint, reveals that the challenged *alleged* exposure is limited to "Re: DISCOV". In paragraph 14 of the Complaint the Plaintiff alleges that the alleged exposure "….constitutes an invasion of privacy; as it reveals to the person who sees it, a core piece of information pertaining to the Plaintiff's status as a debtor." In paragraph 15 it is further alleged that "The word "DISCOVER", when disclosed to the public eye, exposes the consumer's financial quandary."

    In paragraph 18 of the Complaint Plaintiff alleges that the Defendant has violated 15 U.S.C. § 1692f, which prohibits the use of unfair and/or unconscionable debt collection means, and15 U.S.C. § 1692f(8) which prohibits the use of any language or symbol, other than the debt collector's address, on any envelope when communicating with a debtor.

    Initially, it is obvious from the copy of the envelope that the letter in the envelope was adjusted to reveal "Re: DISCOV". The words "PERSONAL AND CONFIDENTIAL" are cut off. Had the letter been properly aligned then the reference to "Re: DISCOV" would not have been revealed. Indeed, a debt collector is not responsible for third-party tampering with the

United States mail. However, and for the reasons set forth below, even if  "Re: DISCOV" was revealed at the time the letter was sent same does not constitute a violation of the FDCPA.

In support of the allegations in the Complaint the Defendant relies upon *Douglass v. Convergent Outsourcing,* 765 F.3d 299 (3rd Cir. 2014). Therein it was alleged that the number X-XXXX-XXXX-R241" (hereinafter "R241") was an account number assigned by the debt collector therein and was exposed through an envelope glassine window. The *Douglass* Amended Complaint, paragraph 15 therein, further alleged there was *also* visible a symbol commonly known as a QR Code. When read with any popular device, the QR Code revealed the identity of the debt collector, the consumer's account number, the consumer's name and address and the amount of the alleged debt. In foot note 4 on page 301 it is asserted that the Court did not consider the claim regarding the QR Code on appeal. However, and for the reasons set forth below, the Third Circuit's finding does not support the ramifications of the disclosure of the R241 account number but, instead, would support the exposure of the QR Code information.

On page 303 therein the Third Circuit found that the R241 account number was a core piece of information pertaining to the plaintiff's status as a debtor and the defendant's debt collection effort. Ilogically, the court further stated "Disclosed to the public it could be used to expose her financial predicament." Although this rational does apply to the QR Code it could not possibly apply to the R241 information as this information could not possibly lead any viewer to conclude that the plaintiff was a debtor or reveal the particulars of the debt at issue therein.

 In analyzing the exposure issue the *Douglass* court recognized that there is a "benign or innocuous marking" exception to 1692f(8). This exception was recognized by the Fifth Circuit Court of Appeals in *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004) and by the Eight Circuit in *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316, 319 (8th Cir. 2004). The Fifth Circuit relied upon an FTC Staff Commentary letter which exempts a category of "harmless words and symbols" from the reach of 1692f(8). *Goswami* at p. 494. Contrary to the finding of the *Douglass* court the R241 information constituted a benign, innocuous marking and harmless symbols. The same is true for the information allegedly exposed in the letter which is the subject of the above-entitled action.

Upon information and belief, there is no Second Circuit Court of Appeals FDCPA decision, nor any FDCPA decision from any Second Circuit District Court, which is on point in regard to the glassine window exposure claim.

The Defendant will rely upon *Sampson v. MRS BPO, No. 15 C 2258, 2015 U.S. Dist. LEXIS 32422,* (N.D. Ill. Mem. Op. & Order dated Mar. 17, 2015). Therein Senior District Judge Milton I. Shadur received a courtesy copy of the complaint a day after the complaint was filed. The complaint therein also alleged an exposure of alleged account information through a glassine window claim. Upon reviewing the compliant Judge Shadur dismissed the complaint *sua sponte* pursuant to Fed. R. Civ. P. 12(f).

In dismissing the complaint in *Sampson* Judge Shadur stated that for any member of the

public to be able to perceive that debt collection is involved that person would have to be blessed with x-ray vision. Absent that, any deciphering of the inpenetratable string of numbers and symbols on the outside of the envelope would have to depend upon "…some sort of divination." The plaintiff later filed a motion to alter the judgment. At a hearing Judge Shadur noted the *Douglass* decision but denied the motion referring to the exposed information (in part) as "gibberish". He noted the return address on the envelope as innocuous. There is no allegation herein that "Forster & Garbus, LLP" appeared on the return address portion of the envelope.

Recently, the Chief Justice of the United States District Court for the Northern District of Illinois followed the ruling in *Sampson*. See *Gonzalez v. FMS, Inc.*, 2015 U.S. Dist. LEXIS 87660 (N.D. Ill. Jul. 6, 2015). Therein Chief Justice Ruben Castillo found that a 15 number sequence, which included the defendant debt collector's internal account number for the plaintiff, was not "unfair or unconscionable". He further stated that the numbers were meaningless to anyone but the defendant. Similarly, the words "Re: DISCOV" are meaningless to any third person who may have read the envelope as it appears on page 7 of the Complaint. Importantly, Judge Castillo distinguished *Douglass* by asserting that a third party could use a "smart phone" to learn particular information regarding the plaintiff and the nature of the subject debt. Chief Justice Castillo viewed *Douglass* in the same manner as I do as described above. As a result the defendant's motion to dismiss the complaint therein was granted.

A motion for judgment on the pleadings is reviewed by the same standard as a Fed. R. Civ. P., 12(b)(6) motion to dismiss for failure to state a claim. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). In order to survive a motion brought pursuant to Fed. R. Civ. P. 12(c) the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009). On a motion for judgment on the pleadings the court "considers the complaint, the answer, any documents attached to them and any matter of which the court can take judicial notice of the factual background of the case". *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d 2011) *quoting Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).

In sum, the Plaintiff's Complaint fails to set forth sufficient facts to establish an FDCPA claim which is plausible on its face. The alleged exposed information is benign and innocuous gibberish which is harmless to the Plaintiff. Even drawing all inferences in favor of the Plaintiff there is simply nothing alleged in the Complaint which would support a finding that the Defendant violated any portion of the FDCPA. Thus, the Defendant should be granted permission to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

Respectfully submitted

/   s   /   *Robert L. Arleo*

Robert L. Arleo

RLA:gra
cc: Adam J. Fishbein, Esq.